UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-00114-KSF

LEON KNIGHT                                                                                         PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

DR. GROWSE, et al.                                                        DEFENDANTS

\*\*    \*\*    \*\*    \*\*    \*\*

This matter has come before the Court on the Plaintiff's response to its earlier Show Cause Order. On June 3, 2010, the Court issued the Order advising Knight to submit documents demonstrating that he exhausted his administrative remedy, or he would face dismissal. Plaintiff has now responded to that Order. However, his cause of action must be dismissed for the reasons set forth below.

**BACKGROUND**

Although Leon Knight has recently been released from prison, he was apparently still in the custody of the Federal Bureau of Prisons ("BOP") on April 1, 2010, when he submitted the instant *pro se* civil rights Complaint. He alleges that on February 16, 2009, his body was scalded as he was taking a shower at the Federal Medical Center, a BOP facility in Lexington, Kentucky. Plaintiff claims that he suffered a severe and painful burn and is now permanently scarred, and he seeks damages for "negligence, and cruel and unusual treatment." R. 2.

The Court initially issued a Deficiency Order instructing Knight to address the issue of the filing fee and to provide the documents exchanged in the BOP administrative remedy process. Upon

his partial response, about his financial circumstances, he was granted permission to proceed *in forma pauperis*, but he was warned in a Show Cause Order that the Court was considering dismissal of his cause unless he provided the administrative documents also.

The Plaintiff has now responded on the administrative remedy issue. He states that he did not pursue the BOP's administrative process, *i.e.*, filing a BP-9, BP-10, and BP-11, as he did not know that he was required to do so. However, he did complete and submit a Form 95, the administrative document required for filing a claim under the Federal Torts Claim Act ("FTCA"). He attaches a copy of that completed form and the formal administrative denial of his claim, via letter dated September 2, 2009. If the Court wants the BOP's administrative remedy documents, he states, then he wants an extension of time in which to exhaust the administrative process and then submit that documentation.

## DISCUSSION OF *BIVENS* CLAIMS

Plaintiff's failure to pursue the BOP's administrative remedy process is fatal to his *Bivens* claims regarding his receiving the burn and the medical care he received afterwards.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress made exhaustion of administrative remedies mandatory for prisoners. Amended 42 U.S.C. §1997e provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until *such administrative remedies as are available* are exhausted.

42 U.S.C. §1997e(a) (emphasis added). Shortly after its effective date, April 26, 1996, the United States Court of Appeals for the Sixth Circuit held that the language means what it says, expressly requiring exhaustion of administrative remedies by a prisoner before bringing a civil action or

2

appeal. *Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).

Since then, the Supreme Court of the United States has twice held similarly, that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

The 4-tiered administrative remedy scheme available to inmates who have any complaint about their confinement in Bureau of Prisons institutions is set out in its Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. To exhaust the administrative process if the inmate cannot informally resolve his complaint, then he must initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within twenty days.

If the inmate is not satisfied with the Warden's response, within 20 days he must appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, the inmate has 30 days in which he must appeal to the BOP's Office of General Counsel (BP-231, formerly BP-11) in order to achieve

exhaustion of the administrative process. *See* § 542.15 (a)-(b).

In his response about this matter, the instant Plaintiff admits that he did not take any of the steps required by the regulations, as he did not know to do so. His ignorance of the exhaustion requirement, however, is no excuse. Nor may he undertake to pursue the administrative process now. He has missed all of the relevant time requirements in the BOP regulations. The Supreme Court of the United States has ruled that "exhaustion" means "proper exhaustion," *i.e.*, in conformity with the provisions of the administrative scheme, such as meeting any time deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Therefore, the Plaintiff's motion for extension of time in which to exhaust the BOP administrative process would be fruitless and will be denied.

As Knight has admitted that he did not exhaust the BOP administrative remedy program, this Court must enforce the exhaustion statute by dismissing the *Bivens* claims in the instant Complaint.

## DISCUSSION OF FTCA CLAIMS

Unfortunately for the Plaintiff, the FTCA claims, which he has exhausted, may not proceed for a different reason.

The FTCA, found at Title 28 U.S.C. § 2671, *et al.*, is an exception to the sovereign immunity protection enjoyed by the United States. In this legislation, the U.S. Congress sets forth the limited circumstances under which the U.S. government consents to tort actions: "for money damages,...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment...." 28 U.S.C. § 1346(b).

The FTCA's statutory scheme imposes its own statute of limitations. 28 U.S.C. § 2401 begins as follows:

4

> (a) . . . [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues . . . .
>
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years after such claim accrues* or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim* by the agency to which it was presented.

*Id.* (emphasis added).

According to the Plaintiff's own allegations and exhibits, he was burned and aware of his injuries on February 16, 2009. He timely signed, and presumably submitted, the FTCA claim form on June 13, 2009. This was well within the statutory period of 2 years for submitting a Form 95 to the Federal agency, in this case, the BOP. The BOP then denied his claim in the September 2, 2009, letter which Plaintiff has supplied. In its closing, that letter advised Knight that if he was dissatisfied with the BOP's determination, he "may file suit in the appropriate U.S. District Court no later than six months from the date of this letter." Record No. 7, Exhibit dated September 2, 2009.

Yet Plaintiff Knight did not file this lawsuit within six months of the date of the denial letter. He filed the instant lawsuit on April 1, 2009, *seven* months from the date of the letter, one month too late. The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits. *Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 332 (6th Cir. 2008) (citing *Brockett v. Parks,* 48 Fed.Appx. 539, 541 (6th Cir.2002)); *Cosgrove v. Bureau of Prisons*, No. 09-CV-64-KKC, 2010 WL 398981 (E.D.Ky. January 25, 2010).

Knight's failure to file the instant Complaint within six months of his denial letter divests the federal district court of jurisdiction. *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir.1984). Therefore, the Court must dismiss his negligence claims, in addition to the unexhausted *Bivens*

claims.

## CONCLUSION

Accordingly, for the reasons stated herein and the Court being advised, **IT IS ORDERED** as follows:

1. Plaintiff Leon Knight's Motion for an Extension of time [Record No. 7] is **DENIED**.

2. Plaintiff's claims will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This July 6, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge